IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARONDA HOMES, LLC, | ) | |
| | ) | |
| | ) | 2:20-CV-01526-CCW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOTORISTS MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Motorists Mutual Insurance Company's Motion for Reconsideration or Certification for Interlocutory Appeal. For the reasons that follow, Motorists' Motion will be denied.

## I.      Background

This case arises out of damage to homes constructed by Plaintiff Maronda Homes, LLC. This damage was allegedly caused by improper excavation and site preparation work performed by Maronda's subcontractor, Frey Excavating. *See* ECF Nos. 5-1 at ¶ 25 and 5-2 at ¶ 28. The homeowners, who "noticed" cracking and other defects shortly after taking possession of the homes, *see* ECF Nos. 5-1 at ¶ 8 and 5-2 at ¶ 8, sued Maronda in state court. *See* ECF Nos. 5-1 and 5-2. Maronda in turn sued Motorists in state court, seeking coverage as an additional insured under an insurance policy issued by Motorists to Frey, and stating claims for breach of contract (Count I), breach of the implied covenant of good faith (Count II), and bad faith insurance practices (Count III). Motorists timely removed this case to federal court and moved to dismiss. *See* ECF Nos. 1 and 5.

On April 16, 2021, the Court denied Motorists' Motion to Dismiss in part.  *See* ECF No. 16.  The Court concluded that the facts alleged in the underlying state court complaints (those filed by the homeowners) did not foreclose coverage for Maronda under the applicable completed work/intended use exclusion to the insurance policy.  *See id.* at 8–10.  Accordingly, the Court denied Motorists' motion with respect to Maronda's breach of contract claim.  *See id.*  The Court granted Motorists' motion with respect to Count II, because "under Pennsylvania law, a 'claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim.'"  *Id.* at 10 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016)).  Finally, the Court concluded that Maronda had adequately pled a claim for bad faith insurance practices, and so denied Motorists' Motion to Dismiss Count III.  *See id*. at 11.

Motorists now asks the Court to reconsider its prior decision and dismiss Maronda's remaining claims, or, in the alternative, to certify its decision for interlocutory appeal.  *See* ECF Nos. 17 and 18.  Motorists argues that it was error for the Court to conclude that, based on the underlying state court complaints, Maronda could potentially be entitled to coverage.  *See* ECF No. 18 at 6–8.  In short, Motorists contends that, although the Court correctly invoked Pennsylvania's "four-corners" rule, the Court misapplied Pennsylvania's "first manifestation" rule by finding that the allegations in the underlying state court complaints do not establish that damage to the homes did not manifest before the homeowners took possession of the residences.  *See id.* Motorists also argues that it was error for the Court to consider the allegations in Maronda's Complaint, *see* ECF No. 16 at 11 (citing ECF No. 1-1 at ¶¶ 75–77, 80–84), when declining to dismiss the bad faith claim because, as with the breach of contract claim, the four-corners rule applies and the allegations in the underlying state court complaints control.  *See* ECF No. 18 at 9–10.  Finally, in the alternative, Motorists requests that the Court "certify its Opinion and Order for Appeal by amending it to include the statement required by 28 U.S.C. § 1292(b)."  *Id.*  at 10.

II.     **Standards of Review**

A.      **Motion for Reconsideration**

On a motion for reconsideration, the party seeking to have a judgment altered or amended must demonstrate either:  (1) a change in controlling law;  (2) the availability of new evidence not previously before the court;  or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Allaham v. Naddaf,* 635 Fed. Appx. 32*,* 35–36 (3d Cir. 2015) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014);  *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Here, Motorists' Motion implicates only the third basis for an appropriate motion to reconsider—i.e. the asserted need to correct clear error.

B.      **Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b)**

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) only if the order (1) "involves a controlling question of law";  (2) "as to which there is substantial ground for difference of opinion";  and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b);  *see also*, *Katz v. Carte Blanche Corp*., 496 F.2d 474, 755 (3d Cir. 1974).  In deciding whether to certify an order for interlocutory appeal, the court must remain "mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional circumstances."  *Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, No. 04-1441, 2007 U.S. Dist. LEXIS 40861, at *2 (W.D. Pa. June 5, 2007).

III.     **Discussion**

A.     **Motorists is Not Entitled to Dismissal of Count I of the Complaint**

As discussed in the Court's prior opinion, the question of whether the completed work/intended use exclusion bars coverage is controlled by the four-corners rule.  Under that rule, when an insured is sued, "'an insurer's duty to defend is triggered, if at all, by the factual averments contained in [the underlying] complaint[.]'"  *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019) (quoting *Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 n.7 (Pa. 2006)).  This means that "'[i]f the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case."  *Id.* (quoting *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016).  Furthermore, although "an insurer's potential duty to defend is 'determined solely by the allegations of the complaint in the [underlying] action,'" *Ramara*, 814 F.3d at 673 (quoting *Kvaener*, 908 A.2d at 896), "'[i]f coverage (indemnification) depends upon the existence or nonexistence of undetermined facts outside the complaint, until the claim is narrowed to one patently outside the policy coverage, the insurer has a duty to defend claims against its insured.'"  *Id.* (quoting *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 953-54 (Pa. Super. Ct. 1992).  Thus, "[t]o determine whether based on its factual allegations an underlying complaint triggers an insurer's duty to defend, a court views the allegations as true and 'liberally construe[s them] in favor of the insured.'"  *Id.* (quoting *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999)).

Here, then, the pivotal question is whether the allegations in the underlying state court complaints foreclose the possibility that Maronda could recover under the applicable occurrence-

4

based policy, in light of the completed work/intended use exclusion.[1]  *See* ECF No. 16 at 8–9. That issue, in turn, depends on when the damages alleged in the underlying complaints first "manifested."  Under Pennsylvania law, "[a]n occurrence happens when the injurious effects of the negligent act first manifest themselves in a way that would put a reasonable person on notice of injury."  *D'Auria v. Zurich Ins. Co.*, 507 A.2d 857, 861 (Pa. Super. Ct. 1986).  Furthermore, "[t]he party alleging the negligence need not have actually discovered the injurious effects at the time they first manifested themselves."  *Id.* (citing *Silver Eagle Co. v. National Union Fire Ins. Co.*, 423 P.2d 944 (Or. 1967)).

Thus, the Court's analysis focused on two relevant factual allegations from the underlying complaints:  (1) the damage to the homes was caused by improper excavation, placement of fill, and soil compaction, and (2) the homeowners "noticed" problems with the homes shortly after taking possession of them.  *See*  ECF No. 16 at 9;  *see also* ECF No. 5-1 at ¶¶ 8, 25 and ECF No. 5-2 at ¶¶ 8, 28.  Assuming these facts to be true and construing them liberally in favor of the insured, as we must, the Court found that the underlying complaints do not foreclose coverage because they only allege when the damage was actually discovered, not when it first manifested (i.e. became apparent in a way that would put a reasonable person on notice).  That date could be the same as the homeowner's discovery of the damage (putting it outside the scope of the policy), or it could be earlier (making it potentially within the scope of the policy).  Thus, the Court concluded that Motorists is not entitled to dismissal of Maronda's breach of contract claim at this stage of the proceeding based on an affirmative defense, i.e. the clear application of a policy

---

[1] Those exclusions provide, in relevant part, that an additional insured, like Maronda, is not entitled to coverage for "bodily injury" or "property damage" occurring after (1) "[a]ll work…on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed" or (2) "[t]hat portion of 'your work' out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."  ECF No. 5-3.

exclusion.  *See id.* at 9–10;  *see also Ramara*, 814 F.3d at 673 (quoting *Stidham,* 618 A.2d at 953-54 ("'[i]f coverage (indemnification) depends upon the existence or nonexistence of undetermined facts outside the complaint, until the claim is narrowed to one patently outside the policy coverage, the insurer has a duty to defend claims against its insured.'"));  *Brayman Constr. Corp. v. Westfieldl Ins. Co.*, 2:18-CV-00457-MJH, 2019 U.S. Dist. LEXIS 36432, at *13–*17 (W.D. Pa. Mar. 6, 2019) (denying motion to dismiss because, in relevant part, court concluded that insurer had failed to demonstrate applicability of policy exclusion).

The Court concludes that Motorists has not demonstrated a clear error of law or fact relating to the denial of Motorists' Motion to Dismiss with respect to Maronda's breach of contract claim (Count I).  Therefore, Motorists' Motion to Reconsider on this issue will be denied.

### B.    Motorists is Not Entitled to Dismissal of Count III of the Complaint

Motorists also asserts that the Court erred in concluding that Maronda's claim for bad faith insurance practices under 42 Pa.C.S. § 8371 (Count III) could proceed because the Court (1) "require[ed] clear application of a policy exclusion before dismissing a statutory bad faith claim" and (2) relied, in part, on facts outside of the underlying state court complaints—namely, Maronda's allegations regarding investigation and settlement.  ECF No. 18 at 9.

Section 8371 exists "to protect insureds from bad faith denials of coverage."  *Berg v. Nationwide Mut. Ins. Co.*, 189 A.3d 1030, 1037 (Pa. Super Ct. 2018) (citing *Accident Ins. Co. v. Fed. Kemper Ins. Co*., 682 A.2d 819, 822 (Pa. Super. 1996)).  "Bad faith applies to 'those actions an insurer took when called upon to perform its contractual obligations of defense and indemnification or payment of a loss that failed to satisfy the duty of good faith and fair dealing implied in the parties' insurance contract.'"  *Id.* (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007)).  Thus, "[a]n insurer that, 'with no good cause, refuses to provide a defense' can

be liable for damages under 42 Pa. C.S. § 8371 for acting in bad faith." *Myers v. Geico Cas. Co.*, 837 Fed.Appx. 906, 908 (3d Cir. 2020) (quoting *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 545–46 (Pa. 2010)).

To state a claim for bad faith insurance practices under § 8371, two elements are required: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of reasonable basis" in denying the claim. *Rancosky v. Wash Nat'l. Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test articulated in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. 1994)). Ultimately, while an insured must prove a statutory bad faith claim by clear and convincing evidence, s*ee Myers*, 837 Fed.Appx. at 900 (citing *Rancosky* 170 A.3d at 377), "'[a] reasonable basis is all that is required to defeat a claim of bad faith.'" *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004). That said, "'[b]ad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured.'" *Berg,* 189 A.3d at 1037 (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2004)). Thus, "'the fact finder needs to consider all of the evidence available to determine whether the insurer's conduct was objective and intelligent under the circumstances.'" *Id.* (quoting *Berg v. Nationwide Mut. Ins. Co.*, 44 A.3d 1164, 1179 (Pa. Super. Ct. 2012)).

With respect to the statutory bad faith claim here, the Court concluded that Maronda's breach of contract claim could not be resolved in Motorists' favor at this stage of the litigation. Thus, Motorists' first argument in favor of reconsideration—i.e. that the Court erred because it "require[ed] clear application of a policy exclusion before dismissing a statutory bad faith claim"—is without merit. ECF No. 18 at 9. The Court simply concluded that Motorists' decision not to defend Maronda in the underlying state court lawsuits was not *per se* reasonable. *See* ECF

7

No. 16 at 11;  *see also Doherty v. Allstate Indem. Co.,* Civil Action No. 15-05165, 2017 U.S. Dist. LEXIS 52795, at *8 (E.D. Pa. Apr. 6, 2017) ("Courts in this circuit have held that the '[r]esolution of a coverage claim on the merits in favor of the insurer requires dismissal of a bad faith claim premised on the denial of coverage.'") (citation omitted).

Nonetheless, Motorists argues that it was error not to dismiss Maronda's bad faith claim because under Pennsylvania law "'[b]ad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy and the law.'" ECF No. 18 at 9 (quoting *Sayles v. Allstate Ins. Co*., 260 F. Supp. 3d 427, 448 (M.D. Pa. 2017). Importantly, however, this rule is usually applied where the area of law in question "is uncertain or in flux." *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2007) (citing *Terletsky v. Prudential Property & Casualty Ins. Co*., 649 A.2d 680, 688–89 (Pa. Super. Ct. 2007); *see also Sayles,* 260 F. Supp. 3d at 448 (M.D. Pa. 2017) (dismissing bad faith claim where denial of benefits was predicated on reasonable interpretation of unsettled area of law).  Furthermore, with the lone exception of *Sayles,* 260 F.Supp.3d at 447–48, all of the cases cited by Motorists in support on this point were decided at summary judgment or later.  *See Emplrs Mut. Cas. Co. v. Loos,* 476 F.Supp.2d 478 (W.D. Pa. 2007);  *Jung v. Nationwide Mut. Fire Ins. Co*., 949 F. Supp. 353 (E.D. Pa. 1997);  *Bostick v. ITT Hartford Group, Inc*., 56 F. Supp. 2d 580 (E.D. Pa. 1999); *Brown v. Progressive Ins. Co*., 860 A.2d 493 (Pa. Super. Ct. 2004);  *Aumen v. Nationwide Mut. Ins. Co*., No. 1:10-CV-597, 2011 U.S. Dist. LEXIS 31360 (M.D. Pa. Mar. 8, 2011).

This difference in procedural posture is significant, not least because to survive summary judgment an insured must be able to point to evidence commensurate with the applicable "clear and convincing" evidentiary standard.  *See Loos*, 476 F.Supp.2d at 492 (citing *The Northwestern Mutual Life Insurance Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) ("the insured's burden in

opposing a summary judgment motion brought by the insurer is commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden [i.e. clear and convincing] at trial.") (internal quotation omitted)).  Here, on the other hand, Maronda need only state a claim that is plausible on its face.  Thus, having determined that the completed work/intended use exclusions do not clearly bar coverage, and in light of the settled nature of the rules of law applicable to Maronda's coverage claim, the Court declined Motorists' invitation to decide at the motion to dismiss stage that its denial of benefits was reasonable.

Motorists next argues that the Court erred by referring to allegations outside of the underlying state court complaints in declining to dismiss Maronda's statutory bad faith claim.  *See* ECF No. 18 at 9;  *see also* ECF No. 16 at 11.  That is, Motorists contends that because the four-corners rule controls the scope of an insurer's duty when its insured is sued, it is also the controlling rule when analyzing a § 8371 claim based on an insurer's refusal to provide a defense.  *See* ECF No. 18 at 9.  Stated otherwise, Motorists reasons that because the insurer's obligations to the insured in this context are determined by comparing the underlying complaint to the policy, whether the insurer has a reasonable basis to deny providing a defense cannot turn on factors outside of those documents.  *See id.* at 9–10.

Maronda is correct that the reasonableness of its decision to deny coverage should be analyzed in the context of the underlying state court complaints.  *See Hyde Ath. Indus. v. Continental Cas. Co.,* 969 F. Supp. 289, 307 (E.D. Pa. 1997) ("An insurer determines its obligations to defend its insured in a lawsuit by looking at the complaint.").  However, the second element of a statutory bad faith claim—i.e., "whether the insurer knew of or recklessly disregarded its lack of [a] reasonable basis," *Rancosky,* 170 A.3d at 365—necessarily implicates matters outside of the underlying complaints.  Thus, it was not error for the Court to consider allegations

9

regarding "'the conduct of the insurer vis à vis the insured'" when deciding whether Maronda had plausibly pled a claim under § 8371.  *Berg,* 189 A.3d at 1037.  Therefore, Motorists' Motion for Reconsideration will be denied.

### C.     Motorists is Not Entitled to Certification under 28 U.S.C. § 1292(b)

Finally, the Court will deny Motorists' request that we certify an interlocutory appeal.  As a threshold matter, certification of an interlocutory order requires that the order in question involves "a controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b);  *see also*, *Katz v. Carte Blanche Corp*., 496 F.2d 474, 755 (3d Cir. 1974).  "Substantial grounds for difference of opinion exist when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (*citing Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 WL 1819969 (E.D. Pa. August 2, 2005)).  Motorists has not identified a relevant issue on which there is "genuine doubt or conflicting precedent as to the correct legal standard," *id.*, and consequently has not satisfied the threshold showing required to warrant certification of an interlocutory order.  Therefore, Motorists' request for certification will be denied.

## IV.    Conclusion

For the foregoing reasons, Motorists' Motion for Reconsideration or Certification for Interlocutory Appeal is hereby DENIED.

DATED this 20th day of May, 2021.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record